

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,424-01

### EX PARTE ANGEL SOSA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W12-53635-W (A) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of a child and sentenced to twenty years' imprisonment. He did not appeal his conviction.

According to Applicant, the victim was a prostitute who presented herself as an adult although she was not. Applicant says he retained counsel for $5000, and the State offered a 10-year plea bargain, which he refused. He then states, "[Applicant] was offered 2 years confinement for an additional $3000.00 dollar payment to his attorney, totaling $8000.00 dollars." He indicates he paid the additional money to counsel, that counsel had promised a 2-year sentence, and that Applicant was

misled into pleading guilty by counsel and the translator because Applicant received a 20-year sentence. Applicant alleges a breached plea-agreement, ineffective assistance, and an involuntary plea.

Regarding the breached-plea-agreement claim, the habeas record shows that Applicant pled guilty to the indicted offense without a plea recommendation and that there was no written plea agreement to breach. As for the ineffective assistance and involuntary plea claims, there is no response from trial counsel.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order a response from trial counsel. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims that trial counsel was ineffective and that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  November 1, 2017
Do not publish